No. 31,169

THE STATE OF KANSAS, *Appellee*, v. R. J. WELSH, JR., *Appellant*.

(26 P. 2d 592.)

Opinion filed November 11, 1933.

*Robert Garvin* and *Evart Garvin*, both of St. John, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, *Arthur R. Gates*, county attorney, and *C. W. Slifer*, of St. John, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of violation of the liquor law and appeals. The sole ground of appeal is, the county attorney was guilty of misconduct in his opening statement to the jury.

One afternoon defendant took two ladies riding in an automobile. The ladies sat in the front seat with him. They went west of town four or five miles and stopped at a house. After leaving the house defendant produced coca cola and alcohol, mixed them, and the members of the party all drank. After returning to town they had two more drinks, and defendant gave the husband of one of his guests a drink of alcohol. On the same day defendant told a wit-

ness for the state he had been out to a bootlegger's, had gotten some liquor, and had a few drinks. Afterwards he told one of his guests to tell a different story, or her reputation would not amount to anything. She did not have money enough to leave the state. Defendant said the money could be raised, and told her where she could get it. She went to the designated place, got the money, and went to Kansas City, Mo.

In his opening statement to the jury the county attorney said:

"We will also show that he sent messengers to the different witnesses and told them that if they didn't testify to a wrong statement of facts, other than was true, he would see that they were taken care of; . . . that Mr. Welsh sent word to the sheriff that if he prosecuted him, he would see that he was taken care of; that Mr. Welsh personally came to me and told me, before he was even arrested, that if I prosecuted him for any offense, he would see that I was beaten for reëlection, and that affidavits were filed in the attorney-general's office and I would be removed from office; that Mr. Welsh went to one witness and sent word to her after she' was in the hospital, that if she would keep quiet the fact that there was liquor in the party, he would pay her hospital expenses, . . ."

There is no hint these statements were not made in good faith, they were all indicative of guilt, and so far as this record discloses, the county attorney was not guilty of misconduct in making the statements, which affected propriety of the conviction.

At the trial the county attorney rested on the evidence which has been outlined and did not extend the proof to cover assertions made in the opening statement. The court instructed the jury it should confine its deliberations to the evidence submitted from the witness stand and should not go beyond the facts proved. So far as the record shows, there was no defense to the action, guilt was fully proved by the evidence, and there is no basis for as much as a conjecture by this court that the jury did go beyond the evidence in finding defendant guilty.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.